235 P.2d 1009

**COCKRILL v. JORDAN.**

No. 5546.

Supreme Court of Arizona.

Oct. 1, 1951.

Langmade &· Sullivan, Phoenix, for petitioner.

Fred O. Wilson, Atty. Gen., Perry M. Ling and· Earl Anderson, Asst. Attys. Gen., for respondent.

UDALL, Chief Justice.

This is an original application for an alternative writ of mandamus against the respondent, Jewel W. Jordan, as state auditor to require her to issue a warrant against the state of Arizona in payment of the petitioner's claim.

The Nineteenth Legislature in Chapter 30, Session Laws of 1949, passed a law establishing the Arizona Children's Colony. The Colony was to occupy a tract of land belonging to the state, to wit: Section 16, Township 6 South, Range 8 East, Gila and

Salt River Base and Meridian. The petitioner was then the owner of agricultural leases from the state of Arizona, covering part of the above described section upon which he had placed a well and other improvements.

In the summer of 1949, the state cancelled petitioner's leases and took possession of the land. By the provisions of Sec. 11–206, A.C.A.1939, appraisers were appointed and they appraised the improvements and damages to the petitioner at $10,620. Formal claim was made to the respondent for the above amount. The claim was audited and approved as being just but the respondent refused to issue a warrant for its payment.

The sole question presented by this application is whether there is a valid appropriation against which the respondent may draw a warrant.

■ Petitioner alleges that under the provisions of Sec. 11–1002, A.C.A.1939, which relates to the taking of state lands by state institutions, the respondent is authorized to pay the claim out of the state's general fund. The pertinent part of the above section, which is relied upon by petitioner, reads as follows: " * * * Upon the surrender of the said lands to the state, the owner of said improvements shall be paid, from the general fund of the state, the appraised value thereof, and the amount of such damages."

Section 5 of Article 9 of the Constitution of Arizona reads in part as follows:

" * * * No money shall be paid out of the state treasury, except in the manner provided by law."

This has been construed to mean that no money can be paid out of the state treasury unless the legislature has made a valid appropriation for such purpose and funds are available for the payment of the specific claim. Eide v. Frohmiller, 70 Ariz. 128, 216 P.2d 726; Crane v. Frohmiller, 45 Ariz. 490, 45 P.2d 955.

■ There are certain definite and well-defined rules to test the validity of appropriations. No rule is better settled than that to constitute a valid appropriation payable out of the general fund the Act must fix a maximum limit as to the amount that can be drawn under it. Eide v. Frohmiller, supra; Crane v. Frohmiller, supra. If this was not the law there would be no limit to the amount of money that could be drawn thereunder and the public treasury would be wholly unprotected against claims of an undetermined amount. Furthermore the state government would never be able to ascertain with any degree of certainty where it stood financially.

■ It will be seen that the attempted appropriation under Sec. 11–1002, supra, does not meet the requirements of the above rule. It does not appropriate a definite and certain amount to the payment of these claims. It is an attempt to make an unlimited appropriation from the general fund. This is in effect giving a blank check against the public treasury, with no

maximum amount beyond which the appropriation cannot go.

We hold that the attempted appropriation under Sec. 11–1002, supra, is opposed to the provisions of Sec. 5 of art. 9 of the Constitution of Arizona as interpreted by this court, and therefore must be declared unconstitutional and void. The respondent cannot be required to act under an unconstitutional provision and hence she rightly refused to draw a warrant for the petitioner's claim.

The petitioner raises other interesting questions but in view of what has been decided it is unnecessary to consider them.

The alternative writ of mandamus is quashed.

STANFORD, PHELPS, DE CONCINI and LA PRADE, JJ., concur.